UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL CARTER,<br><br>    Plaintiff,<br><br>    v.<br><br>RASIER-CA, LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-00003-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Pending before the Court is Defendants' motion to dismiss the first amended complaint for failure to state a claim. Dkt. No. 10. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.  BACKGROUND**

Plaintiff Darryl Carter alleges several causes of action against Defendants Raiser-CA, LLC, and Uber Technologies, Inc. (collectively, "Uber"), and Travis Kalanick (collectively, "Defendants") arising from Plaintiff's work driving for Uber from October 19 through December 21, 2016. *See generally* Dkt. No. 5 ("FAC").

Plaintiff alleges that on September 14, 2016, he read marketing material on Uber's website that stated: "Be your own boss with Uber," "Control your earnings potential," and "Set your own hours." FAC ¶¶ 5, 7; *cf.* FAC, Ex. A. This prompted him to purchase a vehicle and sign up to drive with Uber. *Id.* ¶¶ 7–12. On October 21, 2016, he began accepting transportation requests from users through the Uber application. *Id.* ¶ 13. On December 21, 2016, Plaintiff attempted to sign into the Uber application in "driver mode" to accept users' transportation requests, but was prevented from doing so by a "security check." *Id.* ¶ 15; *see also* FAC, Exs. E–G. Plaintiff has

not earned any additional fares with Uber since this security check issue. FAC ¶ 19. Even when he was driving for Uber, however, Plaintiff contends that "there were periods or hours where Uber paid Plaintiff $3.75 or less in fares." *Id.* 37. Plaintiff further alleges that he has incurred unreimbursed costs as a result of driving for Uber, including vehicle payments, insurance, vehicle maintenance, and fuel. *See* FAC ¶¶ 26, 36.

Based on these facts, Plaintiff asserts claims for: (1) unpaid minimum wage under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 206; (2) unpaid minimum wage under the California Labor Code, *see* Cal. Lab. Code §§ 1182.12, 1197; (3) unpaid overtime under the FLSA, *see* 29 U.S.C. § 207; (4) unpaid overtime under the California Labor Code, *see* Cal. Lab. Code § 510; (5) unpaid equipment costs under the FLSA, *see* 29 C.F.R. § 531.35; (6) negligent misrepresentation; (7) intentional misrepresentation; (8) negligent infliction of emotional distress; and (9) breach of implied covenant of good faith and fair dealing. *See* generally FAC ¶¶ 43–83.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. Rather, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

## III.    ANALYSIS

Defendants challenge the legal sufficiency of all nine of Plaintiff's claims. The Court

addresses each in turn.

### A. FLSA and Labor Code Violations (Counts I–III, VIII–IX)

Plaintiff asserts that Defendants failed to compensate him properly under both the FLSA and California Labor Code.

#### i. Employment Relationship

As a threshold issue, Plaintiff must be an Uber employee to assert violations and seek reimbursement. *See, e.g.*, 29 U.S.C. § 216(b) ("Any *employer* who violates the provisions of section 206 or section 207 of this title shall be liable to the *employee* or *employees* affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation.") (emphasis added); Cal. Lab. Code § 1194(a) ("[A]ny *employee* receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation.") (emphasis added); *see also* Cal. Lab. Code § 2802 ("An *employer* shall indemnify his or her employee for all necessary expenditures or losses incurred by the *employee* in direct consequence of the discharge of his or her duties . . . .") (emphasis added).

Courts apply the "economic reality" test to determine whether an individual is an employee or an individual contractor under the FLSA. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) ("[E]mployees are those who *as a matter of economic reality* are dependent upon the business to which they render service."). This requires an evaluation of the totality of the circumstances, but relevant factors include: "(1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business." *Id.* at 754–55.

Courts apply a similar test to determine whether an individual is an employee under California law. *See Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (Cal. Ct.

App. 2007). The "key factor" is analyzing whether the alleged employer has "'the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed.'" *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (quoting *Serv. Employees Int'l Union v. County of L.A.*, 225 Cal. App. 3d 761, 769 (1990)). "The parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship." *Estrada*, 154 Cal. App. 4th at 10–11.

Here, Plaintiff asserts that Defendants "employed Plaintiff as an employee," FAC ¶ 45, but offers minimal factual allegations to support this conclusion. He states that Uber sets the fare model and collects fares from users and that Uber "can forward User ride requests to Uber drivers," thus directing drivers where to drive. *See* FAC ¶¶ 28, 38. Plaintiff further alleges that Uber may terminate drivers or require them to take additional training if their "rating" falls below a certain level. *Id.* ¶ 29. The Court finds this is insufficient, even at the motion to dismiss stage. Plaintiff's allegations that Plaintiff is an employee and Defendant can control when and how drivers earn fares by sending User ride requests is a legal conclusion that the Court need not accept as true. *See Twombly*, 550 U.S. at 555. Although a rating system may be evidence of Defendant's control over Plaintiff's day-to-day work, Plaintiff must allege more factual detail about how this rating system regulates drivers' activities to make the existence of an employment relationship plausible and not merely possible. *See Iqbal*, 556 U.S. at 678; *cf. O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 WL 6354534, at *6 (N.D. Cal. Dec. 5, 2013) (finding sufficient allegations about the specific rules imposed by Defendant on driver conduct and the related enforcement mechanism).

### ii. Hourly and Overtime Pay

To state a claim for unpaid minimum wage and unpaid overtime compensation, Plaintiff must also assert sufficient factual allegations about the hours he worked and his related compensation. Under both the FLSA and California law, an employer must pay employees the minimum wage for all hours worked. *See* 29 U.S.C. § 206; *see also* Cal. Lab. Code § 1197; Cal. Code Regs. tit. 8, § 11090. In addition, employers must pay overtime pay — one and one-half times the regular rate of pay — for any work in excess of eight hours in one workday and forty

4

hours in any workweek.  *See* 29 U.S.C. 207(a)(1); *see also* Cal. Lab. Code § 510.  Thus, how Plaintiff defines "hours worked" is critical to both his minimum wage and overtime claims.

In support of his claims, Plaintiff alleges in conclusory fashion that Defendants "did not pay Plaintiff the prevailing minimum wage, for each hour worked," FAC ¶ 47; and "Plaintiff worked more than forty (40) hours per week during the relevant period," but "at no time was Plaintiff paid overtime wages." *Id.* ¶¶ 37, 50.  Plaintiff asserts that "there were periods or hours where Uber paid Plaintiff $3.75 or less in fares," however, he critically fails to explain how he calculated this figure, his hours worked, or his related hourly rate of pay.  *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (holding that plaintiff failed to state a claim because her complaint did not provide "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages").  Plaintiff cites to various costs he incurs driving for Uber, including "cancellation fees" and "car payments, insurance, vehicle maintenance, wear & tear, and gasoline," FAC ¶¶ 26, 37, without clarifying whether he includes these costs when calculating his minimum wage and overtime payments.  Similarly, he suggests that his low compensation was due, at least in part, to "wait times [spent] online in 'Driver mode.'" *Id.* ¶ 37.  Yet it is unclear from the complaint whether Plaintiff's definition of "hours worked" includes time spent simply logged into the Uber application in "driver mode" or why such hours should be considered compensable time.  Plaintiff need not allege his hourly pay or the amount of overtime compensation with "mathematical precision," *Landers*, 771 F.3d at 646, but he does need to allege sufficient facts for the Court to find his claims plausible.  *Cf. Yucesoy v. Uber Techs., Inc.*, No. 15-CV-00262-EMC, 2015 WL 6955140, at *3–*4 (N.D. Cal. Nov. 10, 2015) (granting motion to dismiss where plaintiffs did not allege "how the basic rate of pay is calculated or their precise theory of overtime"); *Del Rio v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 40615, *8 (N.D. Cal. Mar. 28, 2016) (same).  Plaintiff's FLSA and California Labor Code claims for minimum wage and overtime compensation are therefore **DISMISSED**.

### iii. Equipment Costs

Plaintiff alleges that Defendants failed to reimburse him for equipment costs, including his

5

vehicle, insurance, and vehicle maintenance, which reduced his wages below minimum wage. *See* FAC ¶ 54. The FLSA does not create a separate cause of action for the reimbursement of equipment costs. Rather, "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. Consequently, a plaintiff may have a cause of action for minimum wage or overtime compensation violations if "the cost of [] tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]." *Id.*; *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 897 (9th Cir. 2013) ("An employer has not satisfied the minimum wage requirement unless the compensation is 'free and clear,' meaning the employee has not kicked back part of the compensation to the employer."). To the extent Plaintiff attempts to state a separate cause of action for unreimbursed equipment costs, however, this claim is **DISMISSED**.

### B.     Misrepresentation (Counts IV–V)

Plaintiff asserts that Uber both intentionally and negligently misrepresented to him that driving for Uber he would "be his own boss, have control over his hours worked and therefore [have] control over his earnings." FAC ¶¶ 56–65. He states that these representations were false because since December 21, 2016, he has not been able to sign into the Uber application to earn fares. FAC ¶¶ 15–19, 60, 65, & Ex. A.

To state a claim for intentional misrepresentation under California law, Plaintiff must establish: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004). Negligent misrepresentation differs in that it "does not require scienter or intent to defraud." *See Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173–74 (Cal. 2003) (quotation omitted). Instead, Plaintiff must establish that Defendants made the misrepresentation without "reasonable ground for believing it to be true." *Id.* at 174 (quoting Cal. Civ. Code §§ 1710(2), 1572(2)). Because both claims "sound in fraud," Plaintiff must satisfy the heightened pleading requirements of Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, Plaintiff points to a single marketing piece that he read before signing up to drive for Uber that identified benefits of self-employment generally and driving for Uber more specifically. *See* FAC ¶¶ 5–7, & Ex. A. But Plaintiff does not identify how the statements in the marketing material were false and the alleged falsity is not clear from the face of the document. It does not guarantee the right to drive for Uber or the ability to earn a certain number of fares. Instead, the document states that "when you work for yourself, the amount you earn is up to you. If you need extra money this month, just get more work or accept more riders." FAC Ex. A. It further explains that "[w]hen you work in the on-demand economy, you work when you want or need to work and accept the jobs you want or need to take, within the hours you set. Almost 90% of driver partners choose Uber because they want to control their own schedules." *Id.* That Plaintiff experienced problems logging into the application does not, itself, render any of these statements false. And not all false statements are a basis for a misrepresentation claim. Vague, highly subjective claims are not actionable. *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835 (Cal. Ct. App. 2002); *cf. California Pub. Employees' Ret. Sys. v. Moody's Inv'rs Serv., Inc.*, 226 Cal. App. 4th 643, 662 (Cal. Ct. App. 2014) ("[A]n actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions."). Accordingly, these claims are **DISMISSED**.

### C. Negligent Infliction of Emotional Distress (Count VI)

Plaintiff also asserts, based on these same facts, that Defendant breached a duty owed to him by "allowing a '[t]echnical issue' to persist thereby preventing Plaintiff from going online into 'Driver mode' in exercising his prerogative to work when he wanted to work as his own boss." FAC ¶ 68. Under California law, "[t]he *negligent* causing of emotional distress is not an independent tort, but [rather is] the tort of *negligence.*" *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (Cal. 1992). Therefore, "[t]he traditional elements of duty, breach of duty, causation, and damages apply." *Id.* Whether a defendant owes a duty of care is a legal question that "depends upon the foreseeability of the risk and a weighing of policy considerations for and

against imposition of liability." *Id.*; *see also Christensen v. Superior Court*, 54 Cal. 3d 868, 885–86 (Cal. 1991) (listing factors to consider when analyzing existence of duty). California courts have also rejected attempts to base negligence claims on breaches of "standard commercial contracts." *Erlich v. Menezes*, 21 Cal. 4th 543, 551–52 (Cal. 1999) ("[C]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies.").

Plaintiff's negligence claim fails because the complaint does not allege sufficient facts to show that Defendants owed Plaintiff a duty of care or breached that duty. Plaintiff alleges in conclusory fashion that Defendants had "a duty to allow Plaintiff to 'Be His Own Boss' and 'Work When He Wanted to Work' and not to interfere with Plaintiff's earnings." FAC ¶ 67. He also points to the agreement between Uber and drivers. *See* FAC ¶ 67, & Ex. C. Yet the "Technology Services Agreement" ("TSA") he identifies states that Uber "do[es] not represent, warrant or guarantee that your access to or use of the Uber Services [or] Driver App . . . will be uninterrupted or error free." FAC Ex. C at § 9.2. Similarly, it warns that "the Uber Services or Driver App may be unavailable at any time and for any reason (*e.g.*, due to scheduled maintenance or network failure)" and that they "may be subject to limitations, delays, and other problems inherent in the use of the internet and electronic communications." *Id.* § 9.3; *cf. Eriksson v. Nunnink*, 233 Cal. App. 4th 708, 719 (Cal. Ct. App. 2015) (holding agreement between parties negated duty for purposes of negligent infliction of emotional distress claim). Plaintiff also fails to provide any facts to support his allegation that he suffered "serious and persistent emotional distress." *Twombly*, 550 U.S. at 555. For these reasons, this claim is **DISMISSED**.

**D.  Breach of Implied Covenant of Good Faith and Fair Dealing (Count VII)**

Plaintiff contends that Defendants breached the implied covenant by imposing "repeated bogus 'security checks'" in retaliation for a complaint he made to Uber in November 2016, that interfered with his right to earn fares under the TSA. FAC ¶¶ 71, 72.

Under California law, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (Cal. Ct. App. 2012) (quotation omitted). The covenant exists to ensure that "each

8

1  party [does] not [] do anything which will deprive the other parties thereto of the benefits of the
2  contract . . . ." *Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (Cal. Ct. App. 1960).  A party cannot
3  interfere with the performance of the contract and it must do "everything that the contract
4  presupposes that he will do to accomplish its purpose." *Id.*  The implied covenant, however, does
5  not render actionable "honest mistake[s], bad judgment or negligence," but instead protects against
6  a defendant's "conscious and deliberate act[s]." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222
7  Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001).  Nor
8  does it "alter" a party's existing rights or duties under a contract. *See Guz v. Bechtel Nat. Inc.*, 24
9  Cal. 4th 317, 327, 349–52 (Cal. 2000) ("[W]hile the implied covenant requires mutual fairness in
10 applying a contract's actual terms, it cannot substantively alter those terms.").  Plaintiff has failed
11 to sufficiently allege that the security checks were the result of "conscious and deliberate acts"
12 rather than the result of technical problems with the Uber application like those warned against in
13 the TSA.  He must allege the factual basis for his belief that these problems were deliberate.  This
14 claim is **DISMISSED**.

## IV.     CONCLUSION

Because the amended complaint contains only conclusory allegations that are insufficient to support any of Plaintiff's claims against Defendant, the Court **GRANTS** Defendant's motion to dismiss.  Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff elects to file a second amended complaint, he must do so by no later than October 6, 2017.  Failure to file an amended complaint by this deadline may result in the dismissal of the action without leave to amend.  In the amended complaint, Plaintiff must clearly set forth each legal claim and the facts supporting such claims, including each Defendant's specific conduct, if he can do so truthfully.  For Defendant Kalanick in particular, Plaintiff must allege specific facts to establish that Kalanick was personally involved in the alleged violations,

including withholding Plaintiff's minimum wage and overtime compensation,[1] preparing Uber's marketing materials, and overseeing the "technical issue" that prevented Plaintiff from using the application. The Court further advises Plaintiff that this action may be subject to dismissal without leave to amend if he fails to cure the identified deficiencies. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**IT IS SO ORDERED.**

Dated: 9/15/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Defendants' attempt to limit California's "A Fair Day's Pay Act" to enforcement actions by the Labor Commissioner is belied by the language of the provision itself, which states that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated. . . Section[] . . . 1194 . . . may be held liable as the employer for such violation. Cal. Lab. Code § 558.1. Section 1194, in turn, permits employees to recover unpaid wages in a civil action from their employers. *See* Cal. Lab. Code § 1194.